UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATASHA COLEMAN,<br><br>    PLAINTIFF,<br>V.<br>WILLIAM BORLEY AND DOORDASH, INC.<br>    DEFENDANTS. | NOTICE OF REMOVAL FROM THE MARION COUNTY SUPERIOR COURT<br><br>CAUSE NO. 1:20-CV-3014 |

## DEFENDANT DOORDASH, INC'S NOTICE FOR REMOVAL

Defendant, DoorDash, Inc., by counsel, Edward W. Hearn and Jennifer M. Carpenter of JOHNSON & BELL, P.C., hereby file this Notice for Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the following grounds:

1. Plaintiff Natasha Coleman commenced this suit in the Marion County Superior Court, Civil Division 3 under cause number 49D03-2011-CT-039169.

2. Plaintiff's Complaint is file-stamped November 4, 2020. [*See* State Court Complaint, attached hereto as "Exhibit 1"]

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of receipt of the Plaintiff's refusal.

## DIVERSITY JURISDICTION

4. This matter is properly removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, as this Court has jurisdiction over this case based on diversity of citizenship of the parties.

5. Plaintiff Natasha Coleman was at the time of the filing of the Complaint, and still is, a citizen of Illinois. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir.2009).

6. Defendant DoorDash Inc. was at the time of the filing of the Complaint, and still is a Delaware Corporation. The principle place of business of DoorDash, Inc., is San Francisco, California. Thus, pursuant to federal law, DoorDash Inc. is considered a citizen of both Delaware and California for purposes of this removal petition. *Westfield Ins. Co. v. Kuhns*, No. 1:11-CV-00706-JMS-DM, 2011 WL 6003124, at *1 (S.D. Ind. Nov. 30, 2011) (citing *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).

7. Since Plaintiff and Defendants are citizens of different states, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

8. Co-Defendant William Borley was at the time of the filing of the Complaint, and still is, a citizen of Indiana. However, as of the filing of this removal, the Marion County Superior Court's Docket reflects that Co-Defendant William Borley has not been properly joined and served as a Defendant in this matter. [*See State Court Docket and Summons*, attached hereto as "Exhibit 2"] Because Mr. Borley has not been properly joined and served as a Defendant in this matter, removal is appropriate. *Whipkey v. Eli Lilly & Co.*, No. 120CV00450SEBMPB, 2020 WL 3248472, at *4 (S.D. Ind. June 16, 2020) (allowing removal before service on forum defendant); *In re Bridgestone/Firestone, Inc.*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002) (finding forum defendant rule would have barred removal *if* forum defendant "had been *properly served….That it ultimately was served does not affect the propriety of removal*") (emphasis added); *D.C. v. Abbot Laboratories Inc.*, 323 F. Supp. 3d 991 (N.D. Ill. 2018), *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 937 (N.D. Ill. 2017).

**AMOUNT IN CONTROVERSY**

9. On November 16, 2020, Counsel for DoorDash, Inc. wrote Plaintiff's counsel in an attempt to ascertain whether this case was one which would be removable and served a request for a stipulation that the amount in controversy was less than seventy-five thousand dollars ($75,000.00) upon Plaintiff's Counsel, Jeff Meunier. On November 17, 2020, Attorney Meunier responded to said correspondence but refused to indicate an agreement to stipulate. DoorDash, Inc.'s Counsel asked Attorney Meunier two additional times whether Plaintiff would stipulate that Plaintiff's damages are less than $75,000.00. In response, Attorney Meunier did not stipulate. [*See Nov. 16-17, 2020 Stip. Corres.*, which are attached hereto as "Exhibit 3"]

10. The Seventh Circuit has held that, if a Plaintiff really wants to prevent removal, she should stipulate to damages not exceeding the $75,000.00 jurisdictional limit. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Litigants, who want to prevent removal, must file a binding stipulation or affidavit with their complaints. *Id.* at 512. A stipulation will have the same effect as a statute that limits a Plaintiff to the recovery sought in the complaint. *Id.* In *Oshana,* the Seventh Circuit determined that Plaintiff's refusal to admit that her recovery would not exceed $75,000.00 raised the reasonable inference that it would exceed $75,000.00. *Id.* at 512.

11. Although Defendant DoorDash, Inc. denies the material allegations of Plaintiff's Complaint, based upon the information contained within the Complaint along with Plaintiff's refusal to enter into a stipulation limiting her damages to less than $75,000.00, the amount in controversy exceeds the seventy-five thousand dollar ($75,000.00) jurisdictional amount, exclusive of interests and costs.

12.     This Court has original jurisdiction over the underlying state court case pursuant to 28 U.S.C. Section §1332(a).

13.     Therefore, this action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446 since the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and is between citizens of different states.

14.     Defendant DoorDash has filed this Notice of Removal within thirty (30) days of the service of Plaintiff's Complaint pursuant to 28 U.S.C. § 1446(b).

### SERVICE AND FILING OF THIS NOTICE FOR REMOVAL

15.     Upon filing this Notice for Removal, Defendant DoorDash, Inc. will give written notice of the filing for Notice of Removal to all counsel of record and the Clerk of the Marion County Superior Court.

16.     Defendant DoorDash, Inc. demands a jury trial on all triable issues.

WHEREFORE, Defendant, DoorDash, Inc. by counsel, respectfully request that this action be removed from the Marion County Superior Court, Indiana, into and under the jurisdiction of this United State District Court for the Southern District of Indiana, Indianapolis Division based on this Court's diversity jurisdiction.

Respectfully submitted,

JOHNSON & BELL, P.C.

*/s/ Jennifer M. Carpenter*
Edward W. Hearn, #18691-64
Jennifer M. Carpenter, #35181-71
8488 Georgia Street, Suite A
Merrillville, Indiana 46410
219-791-1900 PHONE
219-791-1901 FAX
hearne@jbltd.com
CarpenterJ@jbltd.com
*Counsel for Defendant, DoorDash, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ <em>Jennifer M. Carpenter</em>